EUGENE KRAUSMAN, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant.

First Department, November 18, 1932.

*Frederick C. Tanner* of counsel [*Herbert F. Garrick* with him on the brief], for the appellant.

*Joseph J. Weiss* of counsel [*Alfred L. Weiss* with him on the brief; *Hyman J. Goldberg*, attorney], for the respondent.

MERRELL, J.  Plaintiff brings this action upon two policies of life insurance issued upon the life of the plaintiff herein for $3,000 and $6,000, respectively.  Specifically, the present cause of action is based on supplemental contracts attached to the said policies providing for disability benefits, in the event of total and permanent disability, by way of monthly income and waiver of premiums by the defendant issuing the policies.  The present action was preceded by one brought by the defendant against the plaintiff to obtain a rescission of the insurance contract because of fraud and misrepresentation alleged to have been made by the insured in his application for the insurance and for failure on his part to disclose the presence of tuberculosis and medical treatment prior to the issuance of the policies.  The equity suit for rescission was decided in favor of the insured and against the contention of the defendant herein because of failure of proof of any fraud on the part of the insured in procuring the policies.  In that action there was no issue presented as to the disability of the insured.  Thereafter the present action was brought wherein the plaintiff demanded judgment against the defendant in the sum of $1,426.08 for alleged accumulated disability benefits and premiums paid under protest.  The defendant interposed an answer in effect denying generally the allegations of the complaint.  Among the denials contained in the answer of the defendant was that the " true terms and conditions of the said policies and the said riders are set forth in full in the said complaint."  In its answer the defendant admits that certain papers purporting to be due proofs of total disability were filed with the defendant upon the forms furnished by it, and that the defendant retained the same, but the defendant specifically denies in its answer " that the said proofs are made in the manner and to the extent required by the terms of the contract of insurance."

Thereupon plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice, and in support of such motion submitted the affidavit of the plaintiff, two affidavits of the counsel to the attorney for plaintiff, and an exhibit by way of the affidavit of a doctor. In opposition, affidavits were submitted by defendant tending to show that there had been no proper proofs of disability filed as required by the policies, and that no disability entitling plaintiff to the benefits under said riders actually existed. The court at Special Term held that the contention of the defendant that the proofs of disability were insufficient was frivolous, and that the opposing affidavits did not furnish facts controverting plaintiff's disability. We are of the opinion that the court at Special Term was incorrect upon both propositions.

The law is well settled that where there is a substantial defense interposed by a defendant, summary judgment will not be granted under rule 113 of the Rules of Civil Practice, and that summary judgment under said rule should not be granted unless it is clear that plaintiff has made out a case on the undisputed material facts presented on the record by affidavit or other proof. (*Metropolitan Life Ins. Co.* v. *Bank of United States*, 259 N. Y. 365; *Barrett v. Jacobs*, 255 id. 520; *Curry* v. *Mackenzie*, 239 id. 267; *Gravenhorst* v. *Zimmerman*, 236 id. 22.)

In the complaint it is alleged that plaintiff was totally disabled and wholly prevented thereby from engaging in any occupation or employment for wage or profit from and after the 14th day of January, 1931. In his moving affidavit the plaintiff states: " That your deponent, under the terms of the policy, filled out for the defendant herein, at its special instance and request, all the proofs of disability required of your deponent to fill out. That the said proofs were filled out upon the forms and requests obtained by your deponent from the defendant herein on or about March 15th, 1931."

Under the supplementary provisions attached to the contract of insurance as to disability benefits it is provided that " due proof shall be presented at the Home Office of the Company that the Insured has, during the continuance of the policy and this supplementary provision  *  *  *  become totally disabled as the result of bodily injury or disease so as to be wholly prevented thereby from engaging in *any* occupation or employment for wage or profit, and that such *disability has already continued uninterruptedly for a period of at least four months* (such disability of such duration being deemed to be permanent only for the purpose of determining commencement of liability hereunder.) "   (Italics are the writer's.)

The original disability benefit claim submitted by plaintiff to the company, consisting of the plaintiff's own statement, was

dated May 8, 1931, and is supported by a statement of Dr. Max Hershcowitz, dated May 8, 1931, purporting to show disability and medical treatment therefor from January 14, 1931. This would be for a period of less than four months. It, therefore, clearly appears in the moving papers that the total disability had not "already continued uninterruptedly for a period of at least four months," as required by the supplementary rider. It, therefore, seems to us that the proof of disability filed was insufficient. We are, furthermore, of the opinion that nothing appears sufficient to show any waiver on the part of the defendant of the requirement to file proofs of disability under the terms of the contract.

We are, furthermore, of the opinion that a clear question of fact requiring submission thereof to a jury arises from the affidavit of Dr. Marius Greene, read in opposition to plaintiff's motion. Dr. Greene, in his affidavit, states that he "specializes in diagnosis and that he is familiar with lung tuberculosis and the clinical and physical manifestations associated with this disease." Dr. Greene further states in his affidavit that on February 29, 1932, which was during the progress of the trial in the rescission action brought by defendant against plaintiff, he had an opportunity to observe the physical demeanor and action of the plaintiff, and that as a result of his observations the plaintiff "does not show impairment of function local, constitutional and physical, or the presence of cachexia or emaciation, which would warrant considering him totally disabled." Dr. Greene further states that pulmonary tuberculosis is a disease of numerous stages and phases characterized by the utmost diversity upon which the hygienic measures, as well as treatment of each individual case, is based. Dr. Greene further states that there are numerous healthful trades in which a person suffering from pulmonary tuberculosis may be engaged, and that such occupations would not be considered detrimental, but would be markedly beneficial to an individual so afflicted, and that while an individual may be afflicted with pulmonary tuberculosis, it does not follow that he is totally physically disabled or that his condition warrants complete abstinence from work. This affidavit of Dr. Greene certainly raises an issue as to the condition of disability of the plaintiff on February 29, 1932, a time during the period of alleged total disability.

The affidavit of counsel for plaintiff admits that the defendant, by its answer and denials, has raised an issue, but contends that the untruthfulness of the defendant's claims appears from a reading thereof. The affidavit of Dr. Greene, above referred to, clearly contradicts the affidavit of Dr. Singer, dated May 29, 1932, made part of the motion papers herein. The affidavit of Dr. Singer

merely contains conclusory statements that the disease from which plaintiff is suffering has totally and permanently disabled him, and that plaintiff will be totally disabled for an indefinite period. Plaintiff also relied, upon the motion, upon certain medical testimony adduced on the trial of the equity rescission action given in answer to a hypothetical question, and relating to an entirely different issue from that presented in the present action, namely, with reference to the condition of the insured at the time of his application for the policies in suit. The evidence required to establish the two causes of action would be entirely distinct and different. In the rescission action the medical evidence was as to the physical condition of the insured and treatment by physicians prior to the application for the policies. The present action is one at law upon the supplementary contract providing for disability benefits in the event of total and permanent disability for at least four months. The courts have held that there is no presumption arising from a prior judgment that the plaintiff was disabled continuously. (*United States Fidelity & Guaranty Co.* v. *McCarthy*, 33 F. [2d] 7.)

In our opinion the papers upon this motion clearly indicate that there are issues of fact presented which require a trial thereof in court, and that the same should not be disposed of on affidavits.

The order and judgment appealed from should be reversed, with costs, and plaintiff's motion denied, with ten dollars costs, and the case placed upon the calendar for immediate trial ten days after service of the order to be entered hereon.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, and the case placed upon the calendar for immediate trial ten days after service of the order to be entered hereon. Settle order on notice.