NATHAN POLLACK, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

City Court of New York, Bronx County, February 11, 1935.

*Irving Finkelstein,* for the plaintiff.

*John M. Preston,* for the defendant.

DONNELLY, J. In this action plaintiff seeks to recover of this defendant, under a policy of life insurance issued to him by it, the sum of $1,384.30, alleged disability benefits for the period

July 10, 1932, to February 26, 1934, at the rate of $50 monthly, and a refund of premiums paid by plaintiff under said policy on or about October 13, 1932, and October 13, 1933, in the sum of $434.30.

On March 10, 1932, plaintiff claims that he became ill and suffered physical infirmities to such an extent that he became totally and permanently disabled. From the affidavit submitted in his behalf by his physician, it appears that plaintiff has been under his care since March 10, 1932, at which time he was treated for an acute abscess of the right ear, accompanied by intense pain over the mastoid and severe headache, and that this condition developed into an acute mastoiditis. An X-ray taken May 13, 1932, is alleged to show " a destructive mastoiditis." Plaintiff's physician also alleges that on May 26, 1932, after plaintiff's discharge from a hospital where a mastoidectomy was performed upon him, he had symptoms of a labyrinth involvement with headache, dizziness, pain over right side of head, noises in ear and falling on several occasions when arising from a sitting position.

From the affidavit submitted on behalf of defendant in opposition, it appears that on or about June 20, 1932, plaintiff was examined by a physician at defendant's home office, and that this doctor at that time found plaintiff was totally disabled, but that this disability would last for a period of approximately one month.

On July 11, 1932, defendant issued to plaintiff its check in the sum of $100, representing disability installments for the months of June and July, 1932. Annexed to this check was a statement of account which contained the following: " Since it appears that the assured will no longer be disabled after July 15, 1932, no disability installments will be due after that date. Discontinuance notice No. 21794."

In his affidavit plaintiff sets forth: " When deponent noticed the endorsement on the statement of account accompanying the check of July 10, 1932, to the effect that the company believed that deponent would not be disabled after July 15, 1932, deponent made no attempt thereafter to obtain disability payments from the defendant company, feeling that in view of the fact that the defendant insurance company was a high class responsible concern, and believing that the said defendant would always do the right thing by its assured, deponent thereafter made no claim until February, 1934."

As the result of a visit to defendant's home office by plaintiff's wife in the latter part of February, 1934, when she claimed that her husband had been ill " all along " and unable to work, certain application forms for a renewal of disability payments were filled out by plaintiff and submitted to defendant. Thereafter and on

May 2, 1934, defendant issued to plaintiff its check in the sum of $150, representing disability installments due for February, March and April, 1934. On the reverse side of this check, above plaintiff's indorsement, appears: " Receipt and endorsements. Received of The Equitable Life Assurance Society of the United States the within amount being the payment due under this policy No. 4170992. As per statement of account delivered herewith. Only the personal endorsement of the payee will be accepted. In full settlement of any and all disability claims to the date of this check."

The answer, besides denying the allegations of the complaint as to plaintiff's disability between July 10, 1932, and February 26, 1934, sets up an accord and satisfaction. A triable issue of fact is raised by the findings of defendant's physician that the disability would last only for the period of one month beyond the date of his examination in June, 1932. Plaintiff's counsel contends that no facts are given in support of these findings, and that the physician's statement is merely his opinion. The answer to this contention is, that the findings of defendant's physician are based upon his examination. In *Krausman* v. *John Hancock Mutual Life Ins. Co.* (236 App. Div. 582) plaintiff moved for summary judgment in the action, in which was involved a claim for disability benefits. The defendant interposed an affidavit in which it was stated that, although the physician had never examined the insured, he had seen him at a distance in court, and that he did not appear to him to be disabled. The Appellate Division, First Department, in reversing the judgment at Special Term in plaintiff's favor, held that this was sufficient to raise a triable issue, and to defeat the motion for summary judgment.

No mention is made of plaintiff's occupation in any of the papers before me on this motion. He claims, however, that since March 10, 1932, his ailment has so totally disabled him as to prevent him from engaging in any gainful employment. Defendant denies that he was disabled for the period July 10, 1932, to February 26, 1934. In *Kass* v. *Equitable Life Assurance Society* (N. Y. L. J. Jan. 5, 1935) this defendant had paid the insured disability benefits for a certain period. Plaintiff sued for a continuation of the payment of benefits. Mr. Justice SCHMUCK said: " In *Krausman* v. *John Hancock Mutual Life Ins. Co.* (236 App. Div. 582) it was held that if the affidavit in opposition denies the fact of continuance of the permanent disability an issue of fact is presented which precludes summary judgment and consequently requires a trial. It makes no difference that the statement so made is by a layman in contradiction to the positive assertion of the insured's doctor."

The defendant's answer is attacked as sham and frivolous. There does not seem to be any good reason to doubt the good faith of defendant's denial of plaintiff's total disability during the period covered by defendant's answer. Plaintiff may have suffered from his ailment and yet be able to perform whatever work he is required to do in his particular calling or in some other form of gainful employment.

I doubt if the check dated May 2, 1934, for $150 in payment of disability benefits for February, March and April, 1934, constitutes an accord and satisfaction. Nowhere does it appear that this check was intended to settle any dispute. Quite the contrary appears therefrom, according to the " Statement of Account," a copy of which is annexed to the moving papers and marked " Exhibit A." It will require evidence to show that there was a true assent by plaintiff to the acceptance of the payment in compromise of a dispute or in extinguishment of a liability uncertain in amount. (*Hudson* v. *Yonkers Fruit Co.*, 258 N. Y. 168, 171.) A payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability. (*Mance* v. *Hossington*, 205 N. Y. 33, 36.) That is to say, the payment of the amount of one item or claim " admittedly due " by the debtor to the creditor, cannot accomplish an accord of another and independent alleged liability due from the same debtor to the same creditor. (*Hettrick Mfg. Co.* v. *Barish*, 120 Misc. 673, 684, and cases cited; affd., 209 App. Div. 807.) It does not necessarily follow that because of plaintiff's use of the check, he is precluded from establishing that the amount he then received was not in full. He is entitled to show, if he can, that there are still some payments due for disability benefits for the period July 10, 1932, to February 26, 1934. For these reasons, defendant's motion to dismiss the complaint is premature and it is, therefore, denied. Plaintiff's motion for summary judgment is likewise denied.