BELA KRAUSZ, Respondent, v. TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

First Department, April 29, 1938.

*Louis P. Galli* of counsel [*William B. Crowell* and *William A. Roe* with him on the brief; *Moran, Galli & McGlinn*, attorneys], for the appellant.

*Alfred L. Weiss* of counsel [*Frank D. Chaiken*, attorney], for the respondent.

UNTERMYER, J.   We fully agree with Justice O'MALLEY that the plaintiff cannot recover for premiums paid to the defendant before proof of disability, which by the terms of the policy is made a condition precedent to the waiver of premiums.   For similar reasons, we conclude that the plaintiff may not recover for any disability benefits that might have accrued previous to the expiration of six months after receipt by the defendant of proof of disability.

The language of the policy seems to preclude a result which requires the plaintiff to pay premiums to the defendant during the time that it requires the defendant to pay disability benefits to the plaintiff.   On the contrary, the policy expressly provides that such benefits shall not commence until six months after receipt of proof of disability.   We find no ambiguity in these provisions, which were obviously devised to require the insured to await the expiration of six months after proof of disability before he would become entitled to disability payments.   What else could have been intended by the provision that the company would pay " *each* month " disability benefits at the rate of ten dollars for each $1,000 of insurance " *beginning* six months *after* receipt of due proof of permanent total disability? "

We attach no significance to the provision which obligates the company to make these payments to the insured " *so long* as he shall live and suffer such disability."   This means that the payments which begin at the expiration of six months after proof of disability shall continue only " so long " as the disability continues.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to the appellant in all courts.

MARTIN, P. J., and COHN, J., concur; O'MALLEY and TOWNLEY, JJ., dissent.

O'MALLEY, J. (dissenting).   The first cause of action seeks to recover disability benefits under a policy of life insurance for a period antedating notice of such disability, and the second to recover premiums paid during such period of disability.   The verdict of the jury is conclusive on the issue of the existence of total and permanent disability.

An examination of the terms of the policy leads to the conclusion that proof of total and permanent disability prior to the age of sixty, even though furnished after the insured had reached and passed such age, was sufficient; that due proof of disability, though furnished some fifteen years after its occurrence, was presented, plaintiff's claim for recovery having been limited to that portion not barred by the Statute of Limitations; that plaintiff was entitled

to disability payments from and after the date of disability (as limited) and not merely from a date commencing six months after filing proof as claimed by the defendant; but that there may be no recovery of premiums paid by the insured prior to the date proof of disability was furnished.

The pertinent language of the policy determining the rights of the parties with respect to disability payments and the return of premiums paid, is as follows: " The first such payment [premium] shall be made on the delivery of this contract, and a like payment on or before the sixth day of January & July in each year until premiums for Twenty full years shall have been paid or until the prior death of the Insured, but no such payment will be required during permanent total disability *after* receipt by the Company of due proof thereof." (Italics ours.) The provision in respect to settlement in event of permanent total disability provides: " After one full annual premium shall have been paid upon this contract and before a default in the payment of any subsequent premium, if the Insured shall furnish the Company with due proof that he has since such payment and before having attained the age of 60, become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any *future* premiums which may fall due on this contract during such disability, and the premiums so waived will not be deducted in any settlement of the contract. Beginning six months after receipt of due proof of permanent total disability sustained as aforesaid the Company will pay to the Insured each month, so long as he shall live and suffer such disability, an amount equal to $10 for each $1,000 of insurance stated on the first page hereof, such payments to be in addition to all other benefits hereunder provided. The Insured shall not have the right to commute such monthly instalment payments." (Italics ours.)

The language of these two provisions of the policy seems clearly to indicate that waiver of premiums is limited to the date of receipt of notice of total and permanent disability. (*Luftig* v. *Travelers Ins. Co.*, 253 App. Div. 538.) But we find no such limitation with respect to liability for the payment of disability benefits. The policy provides with respect to such payments that after receipt of due proof of permanent total disability " sustained as aforesaid," the defendant obligates itself to pay the benefits so long as the insured shall live and suffer " such disability." If the defendant intended to limit such payments from the date of proof of disability rather than from its commencement, it could and should have so provided.

Nor may the contention of the defendant that its liability for such payments is limited to a period commencing six months after receipt of proof, be sustained. While this provision postpones the time when payments shall begin, it does not fix the date from which liability is established. (*Schollman* v. *Prudential Ins. Co.*, 130 Neb. 662; 266 N. W. 75.) If the defendant's construction of this clause were to be adopted, the insured would be deprived of the benefits of his contract, not only during the period antedating the filing of proof, but for a period of six months thereafter. No such restriction is contained in any other provision of the policy. We construe this six months' provision as affording to the insurer opportunity for investigating and ascertaining whether the condition of disability will continue so as to entitle the insured to the prescribed benefits. It also affords opportunity for investigation of the claim so that the insurer may be in a position to either approve or reject before being subjected to an action on the policy. (See *Krausman* v. *John Hancock Mut. L. Ins. Co.*, 236 App. Div. 582, 584, 585.)

If there be any ambiguity in the policy the construction most favorable to the insured must be adopted. (*Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489, 492.) In our opinion this case is factually distinguishable from the *Bergholm* case (*supra*), relied upon by the appellant in support of its claim that it is not liable for disability benefits prior to the time proof thereof had been furnished, and also from *Minnesota Mut. Life Ins. Co.* v. *Marshall* (29 F. [2d] 977), relied upon by the respondent in support of his claim that the plaintiff is entitled to the return of premiums paid prior to furnishing proof. In the latter case there was not found, as here, a general paragraph providing that no premium payments should be required " after receipt by the Company of due proof thereof."

Our conclusion is, therefore, that the plaintiff was not entitled to succeed upon his second cause of action and that it should be dismissed.

The determination should, therefore, be modified as above indicated and as thus modified affirmed, with costs to the plaintiff.

Townley, J., concurs.

Determination of the Appellate Term and judgment of the Municipal Court reversed and the complaint dismissed, with costs to the appellant in all courts. (See 254 App. Div. 737.)