KATHRYN ALLEN, Plaintiff, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, April 25, 1939.

CROSS-MOTION by plaintiff to strike out two affirmative defenses.

*Coster & McGary* [*Harry A. Gair* of counsel], for the plaintiff.

*Moran, Galli & McGlinn* [*Louis P. Galli* and *William A. Roe* of counsel], for the defendant.

PECORA, J.   The action is by the committee of an incompetent to recover disability benefits and other privileges arising from such disability under a life insurance policy issued to the incompetent in 1923 by the defendant company for the face amount of $50,000.

The permanent disability provisions, so far as relevant, read as follows:

### " PERMANENT TOTAL DISABILITY BENEFITS.

" Upon due proof that since the payment of the initial premium upon this contract, before a default in the payment of any subsequent premium, and before the anniversary of this contract nearest to the sixtieth anniversary of the date of birth, the Insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any premiums which may fall due on this contract during such disability and will pay from the commencement of such disability and during its continuance the disability income stated on the first page of this contract.   The premiums so waived and the disability income so paid will not be deducted in any settlement hereunder

" Upon proof of like disability occurring after the anniversary of this contract nearest to the sixtieth anniversary of the date of birth, the Company will allow all premiums falling due thereafter during such disability to accumulate without interest as an indebtedness hereunder. * * *

" Pending due proof of a claim hereunder in behalf of the Insured that an existing total disability will be permanent and continue for life, when it shall appear that the Insured has been wholly disabled by bodily injuries or disease and has been prevented thereby from engaging in any occupation or employment for wage or profit for a period of not less than three consecutive months, the Company will grant the aforesaid benefits from the commencement of such disability and during its continuance."

The insured paid the premiums up to but not including the one due June 8, 1934. At that time he was forty-eight years old. It is alleged that he became permanently disabled on March 3, 1934, by reason of mental incompetence. In February, 1936, the committee of his property was appointed. The complaint alleges that due proof of his disability was furnished and retained by the defendant, no specifications being contained in the pleading as to the nature of the proof furnished.

The complaint seeks judgment for (1) the sum of $16,000 as the accumulated disability benefits from March 3, 1934; (2) waiver of premium during the period; and (3) reinstatement of the policy. The first separate defense is that, under the provisions of the policy, plaintiff was obliged to notify the company of his disability before default in premium; that no such notice was sent; the annual premium remains unpaid, and the policy accordingly has lapsed. The second separate defense reiterates the allegations as to the failure to give proof of disability prior to the default in premium payments, and as to the lapse of the policy thereafter; and relies upon the failure of the insured to make any application for reinstatement of the policy.

The main question of law upon which the determination of the case depends is whether the presentation of proof of disability was required before June 8, 1934, the anniversary due date of the annual premium. If the presentation of proofs prior to such time was a condition precedent, then the plaintiff cannot recover.

Defendant argues in favor of such a construction upon the authority of *Luftig* v. *Travelers Ins. Co.* (253 App. Div. 538). The facts in that case were not the same, in that apparently the policy was a life policy with waiver of premium in the event of disability prior to the age of sixty, but with no weekly or other income benefits.

However, the paragraphs dealing with disability bear a certain similarity in phrasing to those in the case at bar. That phraseology hence becomes important on the question of whether or not the *Luftig* case is decisive.

The following is the paragraph which is so similar to the one in the case at bar as to make comparisons significant:

" PREMIUM WAIVER IN EVENT OF PERMANENT TOTAL DISABILITY

" ' *Upon due proof submitted during the lifetime of the Insured* that since the payment of the initial premium upon this contract, before a default in the payment of any subsequent premium, and before the anniversary of this contract nearest the sixtieth anniversary of the date of birth, the Insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, * * * the following benefits will be allowed: '

" 1. Waiver of premiums during such disability.

" 2. Premiums waived will not be deducted in case of any settlement under the contract.

" 3. Loan and paid-up insurance values will be kept intact."

The italics were supplied by the court in the original opinion in order to emphasize that proof of disability for the purpose of entitling the insured to a waiver of premium had to be presented during the lifetime of the insured. As the latter had died before the necessary proof was submitted, this condition was impossible of fulfillment. The policy was deemed to have lapsed for non-payment of premiums, which the company could *not* be compelled to waive because of the failure to present proof of disability during the lifetime of the insured. The court also held that there was no ambiguity in the policy, in view of its express language.

In the instant case the analogous paragraph deals with the condition upon which depends the privilege of collecting disability income payments. It comes under the heading of " Permanent Total Disability Benefits," as distinguished from the heading in the *Luftig* case, which is entitled " Premium Waiver in Event of Permanent Total Disability." The paragraph itself, grammatically and as a matter of strict construction, leaves little doubt in my mind that the presentation of proof is not made a condition precedent to the obtaining of permanent disability benefits.

The following are undoubtedly conditions precedent:

1. The making of the initial premium payment.

2. The arising of the total disability before a default in the payment of a subsequent premium.

3. The occurrence of the disability before the anniversary of the insurance contract nearest to the sixtieth anniversary of the date of birth.

The natural reading and the grammatical construction are that the company will pay disability benefits if the disability occurs before a default in a premium. Accordingly, if the proof should show that the total disability occurred March 8, 1934, such time would be prior to a default in the premiums due June 8, 1934. On the reading of that paragraph alone, no inference could be drawn that presentation was a condition precedent. Defendant's interpretation would necessitate a reading of the paragraph to be " upon due proof before a default in the payment of any subsequent premium that the insured has become wholly disabled," whereas the grammatical construction is that " upon due proof that the insured has become wholly disabled before default in the payment of any subsequent premium." If the defendant desired to leave no doubt on that point, it could have used the decisive and unmistakable clause involved in *Bergholm* v. *Peoria Life Ins. Co.* (284 U. S. 489), where the policy expressly said, " To entitle the insured to the above Total and Permanent Disability Benefits this policy at the time of making claim for such benefits must be in full force and all premiums becoming due prior to the time of making claim must have been duly paid." The significance of the phrase, " at the time of making claim," requires no comment. If the policy in the case at bar had contained a requirement that at the time of making a claim for disability benefits — that is, at the time of presenting proofs — all prior premiums had been paid, the defendant would have an unassailable argument, and the plaintiff's claim would have to be rejected.

But defendant also points to a clause in the Luftig policy upon which the decision of the court depended. The policy recites on the first page of the contract that " no premium payment will be required during permanent total disability *after receipt by the company of due proof thereof.*" These words were italicized by the court in its opinion in the *Luftig* case, in order to emphasize its conclusion that the presentation of proofs was a condition to the waiver of premiums. It is, perhaps, a debatable question whether that phrase alone would have swayed that court in its determination, if it had not been confirmed in its conclusion by the other clause discussed, which specifically requires due proof to be submitted during the lifetime of the insured.

The policy in the case at bar also has a clause which reads that " **no** payment will be required during permanent total disability

after receipt by the company of due proof thereof." That sentence alone might make a close analogy with the *Luftig* case, were it not for the fact that the long provision or statement quoted under the heading of "Permanent Total Disability Benefits" on page 3 of the policy, grammatically analyzed, negatives the inference of the necessity of the presentation of proofs prior to the anniversary date. True, it has other conditions, but plaintiff claims to have complied with them. The result is that an ambiguity is thus created as between the sentence on the first page and the long statement aforesaid, which must be construed in favor of the insured. Such an ambiguity did not arise in the *Luftig* case, and, therefore, the principle of strict construction against the insurance company was there held not to apply.

The ambiguity here is analogous to the one in *Minnesota Mut. Life Ins. Co.* v. *Marshall* (29 F. [2d] 977), in which the policy provided that if the insured, while the policy is in full force and effect and without default in the payment of premiums, " shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due. * * * *Second.* Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due."

It is to be observed that the phrase, " the presentation of proof during the lifetime of the insured," was lacking in that policy. The court said (at p. 978): " However much the legal mind may differ as to the meaning of these provisions, the ordinary layman would construe them to mean that, in the event he became disabled before his premium fell due, his insurance would be continued until his disability was removed or until his death. That is the natural and reasonable construction to be placed upon the language used in this policy. Any other construction, to my mind, would be contrary to the full purpose of the contract and deprive the insured of one of the principal benefits of his policy. The right of the insured to have his premiums discontinued during disability is one that he had paid for. To make its operation depend upon the time of proof of disability, and not upon the time of disability itself, which was the real thing that he was protecting himself against, renders the provision of the policy under construction inoperative and the right of no value."

Attention may also be called to the case of *Krausz* v. *Travelers Ins. Co.* (254 App. Div. 100). There, as in the case at bar, the policy provided for a waiver of premiums, in the event of permanent total disability, and also for income disabilities. The policy

seemed to have been kept in force for a long time after actual disability had occurred, there being no default in premiums and the insured having failed to notify the company of his disability. When he discovered his privilege under the policy, he endeavored to recover both the premiums which he had paid out during the period of total disability and the income payments which he had failed to collect. The clause upon which that plaintiff relied read as follows: " After one full annual premium shall have been paid upon this contract and before a default in the payment of any subsequent premium, if the Insured shall furnish the Company with due proof that he has since such payment and before having attained the age of 60, become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any *future* premiums which may fall due on this contract during such disability, and the premiums so waived will not be deducted in any settlement of the contract. Beginning six months after receipt of due proof of permanent total disability sustained as aforesaid the Company will pay to the Insured each month, so long as he shall live and suffer such disability, an amount equal to $10 for each $1,000 of insurance stated on the first page hereof, such payments to be in addition to all other benefits hereunder provided. The Insured shall not have the right to commute such monthly instalment payments."

The trial court gave a judgment for the plaintiff both on the claim for refund of premiums and on the one for installment payments for disability. The Appellate Term affirmed, but the Appellate Division reversed the Appellate Term by a divided court. The first sentence of the quoted paragraph, which is different from the one in the case under consideration, contained the provisions for waiver of *future* premiums, after presentation of proof of total disability. The court was unanimous in deciding that only future premiums, namely, those subsequent to the time of submission of proof, were covered by the waiver, and it excluded those which were past due. The second sentence dealt with monthly installment payments in the event of total disability. The court divided in its interpretation, the majority holding that monthly installment payments began six months after receipt of proof of permanent total disability. It thus construed the language of the policy literally, and thereby arrived at the conclusion which it did. In the case at bar the grammatical construction and interpretation of the language specifically dealing with permanent total disability sustain plaintiff's contention.

Certain questions of fact are presented both by defendant and by plaintiff which might have a bearing upon a practical construction of the contract by the parties. An intelligent consideration of these matters of fact should be left for the trial. On the basis of the language of the clauses of the policy, there is sufficient distinction between the wording of the provisions in the case at bar and that in the *Luftig* and *Krausz* cases, to differentiate them, and to warrant the trial of the issues of fact raised.

The cross-motion by plaintiff to strike out the two separate defenses might have been made within the ten-day period prescribed by rule 109 of the Rules of Civil Practice. In the present situation plaintiff should defer this motion until the trial.

The motion for summary judgment by defendant is denied. The motion to strike out the separate defenses is also denied, but without prejudice to a renewal at the trial of the action.